UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WAYEA HALLOWANGER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:25-cv-01066-JAR |
| THOMAS D. SMITH, | ) ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

Plaintiff Wayea Hallowanger, a prisoner, has filed a Complaint pursuant to 42 U.S.C. § 1983 against St. Louis County Prosecuting Attorney Thomas D. Smith. Plaintiff has also filed an Application to proceed *in forma pauperis*. The Court has reviewed Plaintiff's Application, and determines he lacks sufficient funds to pay the $405 filing fee. The Court will therefore grant the Application and based on Plaintiff's account statement, will assess an initial partial filing fee of $20.68. The Court has also reviewed Plaintiff's Complaint in accordance with 28 U.S.C. § 1915(e)(2), and will dismiss it without further proceedings.

**I.    28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* must pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. §

1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff's Application and account statement shows he lacks sufficient funds to pay the entire filing fee. According to the relevant portions of Plaintiff's inmate account statement, his average monthly deposit was $103.42, and his average monthly balance was $28.37, calculated from the date of Plaintiff's payroll deposits on the 10th day of January through June, 2025. Applying the terms of the statute, 20 percent of the greater of those figures is $20.68. Accordingly, the Court assesses an initial partial filing fee of $20.68 and will order Plaintiff to pay that fee within thirty days.

## II.   Legal Standard on Initial Review

Federal law requires this Court to review a complaint filed *in forma pauperis*, and dismiss it if it states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Courts must liberally construe complaints filed by laypeople. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even laypeople must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914–15 (8th Cir. 2004) (stating federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

## III.   Facts and Background

According to public records published on Missouri Case.net, on May 22, 2024, a jury in the Circuit Court of St. Louis County convicted Plaintiff of first-degree murder and armed

criminal action. *State v. Wayea Hallowanger,* No. 22SL-CR09006-01 (21st. Jud. Cir. 2024). The State of Missouri was represented by the Defendant in this case, Thomas D. Smith. On July 19, 2024, the Honorable John Borbonus sentenced Plaintiff to one life term and one 3-year term, to be served consecutively. This Court takes judicial notice of the Missouri State Court record before it, as obtained through the public records published on Missouri Case.net. *See Levy v. Ohl,* 477 F.3d 988 (8th Cir. 2007) (district court may take judicial notice of public state records).

Plaintiff filed the instant Complaint pursuant to 42 U.S.C. § 1983 against Smith in his individual and official capacity. He claims Smith violated his rights secured by the Fourth, Fifth, and Fourteenth Amendments when he "displayed a number of acts of Prosecutor Misconduct." (ECF No. 1 at 4). In support, Plaintiff alleges that Smith: (1) "deliberately misstated facts without burden of proof to include [plaintiff] in acts of criminal conduct that was nothing more than speculation by the State of Missouri;" (2) "withheld evidence that he ha[d] a constitutional obligation to disclose;" (3) "denied Plaintiff of his Eighth Amendment as the Plaintiff has or had any criminal record and should of been able to receive a bond/bail of one he could afford;" (4) presented "evidence of a unlawful 'seizure' of the Plaintiff;" and (5) presented evidence that was obtained in violation of Plaintiff's Fifth Amendment rights "as his questioning was in violation of law on the ground the Plaintiff did not voluntarily waive his constitutional right knowingly or voluntarily." *Id.* at 4-5 (The Court quotes the Complaint verbatim without noting or correcting any errors).

Plaintiff also claims that Smith's actions violated Missouri law, Missouri court rules, and "ethical rules governing Missouri prosecutors." *Id.* at 4. As relief, Plaintiff seeks $500,000 to compensate him for unlawful imprisonment and loss of his job and car.

**IV.   Discussion**

3

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Department of Social Services*, 436 U.S. 658, 685 (1978). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The Court first addresses Plaintiff's claims that Smith violated Missouri law, Missouri court rules, and "ethical rules governing Missouri prosecutors." (ECF No. 1 at 3). As noted above, to state a claim under section 1983, Plaintiff must establish the violation of a right secured by the Constitution or laws of the United States. *West*, 487 U.S. at 48. Allegations that Smith violated Missouri law, Missouri court rules, and Missouri ethical rules do not so establish, and therefore fail to state valid section 1983 claims.

The Court now addresses Plaintiff's official-capacity claims against Smith. Plaintiff identifies Smith as a St. Louis County prosecuting attorney and sues him in his official capacity. Asserting a claim against a public official in his official capacity is another way of asserting a claim against the governmental entity that employs him. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). The Court therefore interprets Plaintiff's official-capacity claims against Smith as seeking to impose liability upon St. Louis County. Plaintiff's claims fail because his allegations do not establish that Smith committed any constitutional violation pursuant to an official custom, policy, or practice of St. Louis County. *See Monell*, 436 U.S. at 690–92 (describing a municipal liability claim).

Plaintiff's individual-capacity claims also fail. Plaintiff identifies Smith as a prosecuting attorney for St. Louis County, and as noted above, Smith represented the State of Missouri

4

during the criminal proceedings against Plaintiff. Condensed and summarized, Plaintiff alleges, without any factual support, that Smith misstated facts to implicate Plaintiff in criminal conduct; withheld evidence he was obliged to disclose; was involved in denying Plaintiff bail; presented "evidence of unlawful 'seizure'" of Plaintiff; and presented evidence that was obtained in violation of Plaintiff's Fifth Amendment rights. (ECF No. 1 at 4). Plaintiff seeks damages from Smith for unlawful imprisonment as well as for the loss of his job and car.

Prosecutors like Smith are absolutely immune from section 1983 liability for "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of [a prosecutor's] role as an advocate for the State," *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993), and for engaging in prosecutorial functions that are "intimately associated with the judicial phase of the criminal process." *Burns v. Reed*, 500 U.S. 478, 486 (1991) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976)); *see also Schenk v. Chavis*, 461 F.3d 1043, 1046 (8th Cir. 2006). Here, Plaintiff's claims against Smith are clearly based on actions that Smith took in the course of his role as an advocate for the State of Missouri and that were entirely associated with the judicial process. Plaintiff's allegations cannot be interpreted to describe acts that were separate from the judicial process or otherwise fell outside the scope of Smith's role as an advocate for the State of Missouri, and the Court will not assume facts Plaintiff has not alleged. *See Stone*, 364 F.3d at 914-15. Finally, allegations that Smith acted with improper motive would not save Plaintiff's claims. *See Imbler*, 424 U.S. at 427-28 (there is no fraud exception to prosecutorial immunity).

For the foregoing reasons, the Court finds that the Complaint must be dismissed. The Court also finds that there would be no non-frivolous basis to argue that Plaintiff's complaint stated a valid official or individual-capacity claim against Smith or stated valid section 1983

5

claims based on allegations that Smith violated Missouri law, court rules, or ethical rules. The Court will therefore certify that an appeal would not be taken in good faith.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion seeking leave to commence this action without prepaying fees or costs (ECF No. 4) is **GRANTED**.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this order, Plaintiff must pay an initial filing fee of $20.68. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 9th day of October, 2025

_____
JOHN A. ROSS
SENIOR UNITED STATES DISTRICT JUDGE